Dismissed and Opinion filed January 30, 2003









Dismissed and Opinion filed January 30, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00944-CV

____________

 

EMILY
ELIZABETH ROBIN, Individually and As Next Friend of JESSICA EASLEY,
Appellant

 

V.

 

WAL-MART
STORES, INC., Appellee

 



 

On Appeal from the 149th District Court

Brazoria
County, Texas

Trial Court Cause No. 5743*RM98

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed May 14,
2002.  Appellant filed a motion for new
trial on June 13, 2002.  Appellant=s notice of appeal was filed
September 3, 2002.

When appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a).]








Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On December 10, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant filed no response.

On January 9, 2003, appellee filed
a motion to dismiss, claiming that the appeal should be dismissed for failure
to timely file a notice of appeal and for failing to make financial
arrangements to pay for the reporter=s record.  Appellant filed no response to appellee=s motion.

We need not address the reporter=s record because we have no
jurisdiction over this appeal.  We grant appellee=s motion as it concerns jurisdiction.

Accordingly, the appeal is ordered dismissed.  

 

 

PER CURIAM

 

Judgment rendered and Opinion
filed January 30, 2003.

Panel consists of Justices
Edelman, Seymore, and Guzman.